IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1929-L-BN |
| | § | |
| STATE OF TEXAS and AARON LILLY, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Daniel Ramirez filed a *pro se* complaint for monetary damages under 42 U.S.C. § 1983 against the State of Texas and a local prosecutor concerning a criminal prosecution against Ramirez that was later dismissed on a motion by the Criminal District Attorney of Navarro County, Texas. *See* Dkt. Nos. 3 & 4.

United States District Judge Sam A. Lindsay referred Ramirez's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Although Ramirez paid the filing fee to bring his claims, considering that the claims as pled are barred by sovereign immunity (as to Defendant State of Texas) and absolute immunity (as to the prosecutor, Defendant Aaron Lilly), the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should dismiss the complaint unless, within the time to file objections to this recommendation, Ramirez demonstrates that he can amend his complaint to allege a plausible claim that is not

otherwise barred.

### Discussion

Ramirez's paying the statutory filing fee prevents judicial screening under 28 U.S.C. § 1915. But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Ramirez an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

First, as to the State of Texas, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022)

(citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)). That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

So Ramirez's claims against the State should be dismissed for lack of jurisdiction.

As to Lilly, who, based on Ramirez's filings in this lawsuit, appears to have been the Assistant District Attorney in Navarro County who prosecuted Ramirez, Ramirez fails to allege that any act by Lilly "fall[s] outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

So Lilly is entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

## Recommendation

The Court should dismiss Plaintiff Daniel Ramirez's claims against the State of Texas because those claims are subject to sovereign immunity, a barrier to jurisdiction, and Ramirez's claims against Defendant Aaron Lilly because those claims are barred by absolute immunity.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE