IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DANIEL RAMIREZ,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-1929-L-BN** |
| § | |
| **STATE OF TEXAS and AARON LILLY,** § | |
| § | |
| Defendants. § | |

## ORDER

On October 5, 2023, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 5) ("Report"), recommending that the court dismiss with prejudice this action unless Plaintiff can show that he can amend his pleadings to allege a plausible claim or claims:

> Although Ramirez paid the filing fee to bring his claims, considering that the claims as pled are barred by sovereign immunity (as to Defendant State of Texas) and absolute immunity (as to the prosecutor, Defendant Aaron Lilly), the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should dismiss the complaint unless, within the time to file objections to this recommendation, Ramirez demonstrates that he can amend his complaint to allege a plausible claim that is not otherwise barred.

Report 1-2. No objections to the Report were filed or received as of the date of this order, and the deadline for objections has expired.

Having considered the pleadings, Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court, pursuant to Federal Rule of Civil Procedure 12(b)(6),

**dismisses with prejudice** Plaintiff's claims for failure to state a claim upon which relief can be granted because, as the magistrate judge correctly notes, the defects identified are not curable.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). A district court may, nevertheless, dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a district court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

As indicated, Plaintiff's original claims against Defendants fail as a matter of law. As Plaintiff did not file objections to the Report, ask to amend his pleadings, or explain how he would amend his pleadings to allege any plausible claim(s), the court determines that he has alleged his "best case" such that amendment by him would not only be futile but also unnecessarily delay the resolution of this litigation. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Although Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires," this provision is not without limitation.* As no other claims remain, the court **dismisses with**

---

* The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

**Order – Page 2**

**prejudice** this action. Finally, as this action has been dismissed with prejudice, the court **denies as moot** Plaintiff's Motion to Compel Discovery and Inspection of Evidence (Doc. 4).

   **It is so ordered** this 25th day of October, 2023.

Sam A. Lindsay
United States District Judge

---

amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Consideration of these factors weigh against allowing Plaintiff to amend his pleadings, particularly in light of his failure to respond to the Report or file objections to contest the recommended disposition of his claims.

**Order – Page  3**